FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| |
|---|
| AUTOSCRIBE CORPORATION, and
POLLIN PATENT LICENSING, LLC

*Plaintiff,*

v.

WELLS FARGO BANK, N.A., and
WELLS FARGO FINANCIAL, INC,

*Defendants.* |

2010 JAN 29  P 4: 43

CLERK
ALEXANDRIA, VIRGINIA

Civil Case No. 1:10cv97
AJT/TCB

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Autoscribe Corporation ("Autoscribe") and Pollin Patent Licensing, LLC ("PPL"), for their complaint against Defendants Wells Fargo Bank, N.A. and Wells Fargo Financial, Inc. (collectively, "Wells Fargo"), allege and state as follows:

### The Parties

1.     Autoscribe is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland  20878.

2.     Autoscribe maintains and operates a financial data center in Ashburn, Virginia (the "Ashburn Data Center"), which is located in this judicial district. The Ashburn Data Center serves customers at multiple locations in the Commonwealth of Virginia and generates approximately 50% of Autoscribe's total annual revenues.  Connectivity to all products offered by Autoscribe terminate at the Ashburn Data Center.  In addition, the Ashburn Data Center hosts web sites for all products offered by Autoscribe.

3.     PPL is a Florida limited liability company, with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

4.     On information and belief, Wells Fargo Bank, N.A. ("Wells Fargo N.A.") is organized as a national banking association under the laws of the United States, with a principal place of business at 333 Market Street, 16th Floor, San Francisco, CA 94105. On information and belief, Wells Fargo N.A. has assigned Corporation Service Company, d/b/a CSC Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833 to serve as its registered agent.

5.     On information and belief, Wells Fargo Financial, Inc. ("Wells Fargo Financial") is a corporation organized and existing under the laws of the State of Iowa, with a principal place of business at 800 Walnut Street, Des Moines, IA 50309. On information and belief, Wells Fargo Financial has assigned Corporation Service Company, 505 5th Avenue, Suite 729, Des Moines, IA 50309 to serve as its registered agent.

### Jurisdiction and Venue

6.     This is an action for infringement of United States patents. Accordingly, this action arises under the patent laws of the United States, as set forth in Title 35 of the United States Code. 35 U.S.C. §§ 1, *et seq.*

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

8.     This Court has personal jurisdiction over Wells Fargo N.A. by virtue of the fact that, on information and belief, Wells Fargo N.A. conducts substantial business and maintains multiple offices in the Commonwealth of Virginia, including in this judicial district, and has committed acts of infringement in this judicial district.

9.     This Court has personal jurisdiction over Wells Fargo Financial by virtue of the fact that, on information and belief, Wells Fargo Financial conducts substantial business in the Commonwealth of Virginia, including in this judicial district, and has committed acts of infringement in this judicial district.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## Infringement of the '315 Patent

11.     Autoscribe and PPL incorporate the allegations contained in Paragraphs 1-10 above, as though fully set forth herein.

12.     On March 21, 2000, the United States Patent and Trademark Office ("USPTO") granted U.S. Patent No. 6,041,315 (the "'315 patent"), entitled "Automated Payment System and Method," and naming Robert E. Pollin as the inventor.  A true and correct copy of the '315 patent is attached as Exhibit A.

13.     Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the '315 patent.

14.     PPL is an exclusive licensee to rights in the '315 patent.

15.     On information and belief, Defendants, individually and collectively, have infringed at least one claim of the '315 patent directly, contributorily, or by inducing others to infringe in violation of 35 U.S.C. § 271(a)-(c), by making, using, offering to sell, or selling in the United States financial transaction payment systems, including the "Easy Pay$^{SM}$" system, that accept payment by telephone.

16.     On information and belief, Defendants have been aware of the '315 patent since at least as early as July 2004.

17.     On information and belief, Defendants have continued to use, without authorization, financial transaction payment systems, including the "Easy Pay$^{SM}$" system, protected by at least one claim of the '315 patent.

18.     Autoscribe and PPL have suffered monetary damages by reason of Defendants' infringement of the '315 patent.

19.     Autoscribe and PPL have been and will continue to be irreparably harmed by Defendants' infringement of the '315 patent.

20.     On information and belief, Defendants will continue to infringe the '315 patent unless enjoined from doing so by this Court.

21.     On information and belief, such infringement was and will continue to be willful, making this an exceptional case and entitling Autoscribe and PPL to increased damages and attorneys' fees under 35 U.S.C. §§ 284 and 285.

## COUNT II
### Infringement of the '171 Patent

22.     Autoscribe and PPL incorporate the allegations contained in Paragraphs 1-10, above, as though fully set forth herein.

23.     On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171 (the "'171 patent"), entitled "System and Method for Making a Payment from a Financial Account," and naming Robert Pollin as the inventor. A true and correct copy of the '171 patent is attached as Exhibit B. The '171 patent is a division of the '315 patent. (The '315 and '171 patents are referred to collectively as the "patents-in-suit.")

24.     Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the '171 patent.

25.     PPL is an exclusive licensee to rights in the '171 patent.

- 4 -

26.     On information and belief, Defendants, individually and collectively, have infringed at least one claim of the '171 patent directly, contributorily, or by inducing others to infringe in violation of 35 U.S.C. § 271(a)-(c), by making, using, offering to sell, or selling in the United States financial transaction payment systems, including the "Easy Pay$^{SM}$" system, that accept payment by telephone.

27.     On information and belief, Defendants have been aware of the '171 patent since at least as early as January 2008.

28.     On information and belief, Defendants have continued to use, without authorization, financial transaction payment systems, including the "Easy Pay$^{SM}$" system, protected by at least one claim of the '171 patent.

29.     Autoscribe and PPL have suffered monetary damages by reason of Defendants' infringement of the '171 patent.

30.     Autoscribe and PPL have been and will continue to be irreparably harmed by Defendants' infringement of the '171 patent.

31.     On information and belief, Defendants will continue to infringe the '171 patent unless enjoined from doing so by this Court.

32.     On information and belief, such infringement was and will continue to be willful, making this an exceptional case and entitling Autoscribe and PPL to increased damages and attorneys' fees under 35 U.S.C. §§ 284 and 285.

### Relief Requested

WHEREFORE, Plaintiffs Autoscribe Corporation and Pollin Patent Licensing, LLC request the following relief against Defendants:

A.      A judgment that Defendants have infringed the patents-in-suit;

- 5 -

B.     A judgment that Defendants' infringement of the patents-in-suit was and is willful;

C.     A judgment and order requiring Defendants to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement, and prejudgment interest;

D.     A permanent injunction enjoining and restraining Defendants or anyone acting on their behalf from making, using, offering to sell, or selling in the United States any product or using, offering to sell, or selling any service in the United States that falls within any claims of the patents-in-suit;

E.     A finding that this is an exceptional case, and an order awarding Autoscribe and PPL their costs and reasonable attorneys' fees under 35 U.S.C. § 285;

F.     An award of all costs of this action, including attorneys' fees and interest; and

G.     Any and all such other and further relief as this Court may deem appropriate.

## Jury Demand

Autoscribe Corporation and Pollin Patent Licensing, LLC hereby demand a trial by jury on all issues triable to a jury.

Dated:   January 29, 2010          By:   _____

Jeffrey D. Sanok (Virginia Bar No. 32,431)
    Email: jsanok@crowell.com
Michael H. Jacobs (Virginia Bar No. 41,006)
    Email: mjacobs@crowell.com
Clyde E. Findley (Virginia Bar No. 48,277)
    Email: cfindley@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C.  20004-2595
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

*Attorneys for Plaintiffs*
*Autoscribe Corporation and*
*Pollin Patent Licensing, LLP*